**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| FRANK BRISCOE<br>*Plaintiff*, | §<br>§<br>§ | |
| V. | § | **Case No. 5:26-cv-1371** |
| UNITED STATES OF AMERICA<br>*Defendant*. | §<br>§<br>§ | |

**COMPLAINT FOR INVERSE CONDEMNATION**

Plaintiff, Frank Briscoe, by and through the undersigned attorneys, files this his Complaint for Inverse Condemnation against Defendant United States of America, and in support thereof states as follows:

## INTRODUCTION

1. Plaintiff brings this inverse condemnation action for just compensation under the Takings Clause of the 5th Amendment of the United States Constitution as a result of Defendant's taking of Plaintiff's private property for public use without just compensation. In accordance with the Tucker Act, 28 USC §1346(a)(2), Plaintiff seeks and is entitled to judgment for money damages against the Defendant for the taking, appropriation, and interference with his land arising from the Defendant's clearing and related work in connection with construction of a "border wall" on or at Plaintiff's property including severance damages to Plaintiff's remainder property.

2. Defendant has engaged in an unconstitutional physical taking of an interest in real property owned and possessed by Plaintiff without initiating or pursuing formal condemnation proceedings or payment of just compensation. Defendant's taking is permanent, substantial, and amounts to an unlawful interference and deprivation of Plaintiff's property interests. As a result, as more fully

described below, Plaintiff has suffered a compensable taking under the dictates of the 5th Amendment mandating just compensation in Plaintiff's favor.

3. Pursuant to the Tucker Act, Plaintiff seeks money damages from Defendant, together with reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of the proceeding, under all applicable statutes and law, including the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4654(c).

4 On October 28, 2025, former Department of Homeland Security Secretary Kristi Noem announced that the Agency would construct barriers and roads in the Laredo Sector of the US Border Patrol, along the River Grande River, specifically Webb and Zapata Counties, in a project area spanning 155 miles along the Rio Grande River ("Laredo Sector Project" or "the Project")..

5. In connection with the Project and construction of the border barriers, roads, and related infrastructure, Defendant will need to acquire property from hundreds of landowners, including Plaintiff, who own property along the Rio Grande River in Webb and Zapata Counties along the planned route.

6. Plaintiff owns real property in Zapata County on the planned route of Defendant's Project.

## JURISDICTION AND VENUE

7. This cause of action arises under the laws of the United States and the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C §1331 and 28 U.S.C. § 1346(a)(2), as an inverse condemnation claim of less than $10,000. Plaintiff's claim is for damages less than $10,000 and specifically waives any damages in excess of $10,000.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(a)(1).

## PARTIES

9. Plaintiff FRANK BRISCOE is a natural person residing at 501 Gutierrez St. in San Ygnacio, Texas who owns the real property in fee simple described herein made the basis of this illegal taking by Defendant.

10. Defendant is the United States of America. Defendant has engaged in the conduct described herein constituting the inverse condemnation of Plaintiff's interest in real property giving rise to this lawsuit.

## LEGAL BACKGROUND

11. The Fifth Amendment to the United States Constitution prohibits the taking of private property without just compensation. The procedure set out by Congress to comply with the dictates of the Fifth Amendment is codified as 40 U.S.C. § 3113 (The Condemnation Act), authorizing the federal government to acquire real estate for public use via condemnation authority under judicial process and only after proffering just compensation. The Defendant has not initiated acquisition of Plaintiff's real property under the Condemnation Act. Accordingly, this action is brought pursuant to the "Little Tucker Act" for inverse condemnation under 28 U.S.C. 1346(a)(2).

## FACTS

12. Plaintiff is the owner in fee simple title of certain real property in the township of San Ygnacio, Texas, situated in Share D of Lot 7 of the San Ygnacio Subdivision, more particularly described by metes and bounds in **Exhibit "A"** attached hereto and made a part hereof. Defendant has no ownership or other property rights or interests in the above-described property.

13. On or about June 3, 2026, despite not having any right to enter, possess, occupy, or otherwise engage in any activity on and to the above-described property, Defendant without notice

entered Plaintiff's property with personnel and heavy equipment. Upon entry, Defendant proceeded to remove and clear cut all trees and woody vegetation from the area believed by Plaintiff to be used by Defendant to construct its border Wall project. Indeed, Defendant carved a footprint through and across Plaintiff's property in furtherance of its Project. This conduct constituted an illegal trespass and taking.

14. It is estimated the area occupied and clear cut by Defendant is approximately 5,250sf. Plaintiff also believes Defendant spent approximately two to three days occupying, trespassing and engaging in this initial unlawful activity.

14. On June 13, 2026, Plaintiff complained to Defendant of the above illegal trespass and taking, while asking it to refrain from further trespass and to acknowledge and respect Plaintiff's ownership rights. Defendant refused to do so and continued to trespass on Plaintiff's property, as well as similarly situated neighbor properties necessitating this action.

15. Defendant has caused harm to Plaintiff's property and interfered with Plaintiff's peaceful use and enjoyment of same.

## CLAIM FOR RELIEF

**A. Violation of The Fifth Amendment to The Constitution and the Little Tucker Act.**

16. The preceding paragraphs are incorporated herein by reference.

17. The trespass, occupation, clearing and construction activities on Plaintiff's property by Defendant constitutes a taking of Plaintiff's real property without due and just compensation in violation of the Fifth Amendment to the US Constitution. As a result of Defendant's unconstitutional taking of Plaintiff's property, Plaintiff is entitled to just compensation under the 5th Amendment of the United States Constitution. Specifically, Plaintiff is entitled to recovery of

the damages caused to the value of the real property in question including severance damages sustained to his remainder land, all in an amount less than $10,000.

18. Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs in accordance with applicable law including the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4654(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Money damages and compensation arising from the taking, unlawfully undertaken by the Defendant in a sum less than $10,000;
2. Reasonable and necessary attorneys fees through trial and all appeals;
3. Pre-judgment and post judgment interest as allowed by law;
4. All costs of court; and
5. Such other and further relief to which Plaintiffs may be entitled.

Dated: August 5, 2026

Respectfully submitted,

BARRON, ADLER, CLOUGH & ODDO, PLLC

By: */s/ Roy R. Brandys*

Roy R. Brandys
Texas Bar Number 02883550
Federal Admission No. 31963
brandys@barronadler.com
808 Nueces Street
Austin, Texas 78071-2216
(512) 478-4995 (phone)
(512) 478-6022 (fax)

THE DE ANDA LAW FIRM, LLP
Ricardo de Anda
Texas Bar Number 05689500

deandalaw@gmail.com
212 Flores Avenue
Laredo, Texas 78040
956-726-0032 (phone)

FRITZ BYRNE, PLLC
Stephen I. Adler (TX Bar No. 00927700)
Texas Bar Number 00927700
sadler@fritzbyrne.law
402 West Seventh Street
Austin, Texas 78701
(512) 476-2020 (phone)

ATTORNEYS FOR PLAINTIFF,
FRANK BRISCOE